IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>DANA L. CHRISTENSEN, JESSE L. U.S. District Attorney, JOHN RHODES, and KALISPELL POLICE DEPARTMENT,<br><br>Defendants, | CV 24-108-M-KLD<br><br>FINDINGS AND RECOMMENDATION |

On July 31, 2024, Plaintiff Kermit Ty Poulson, who is proceeding pro se, lodged a Complaint against the above-named Defendants and filed a motion for leave to proceed in forma pauperis. (Docs. 1 and 2). The Notice of Case Opening entered on July 31, 2024 advised Plaintiff that he must immediately inform the Clerk of Court of any change in address, and that failure to do so may result in dismissal of the case without notice. (Doc. 3 at 2). On August 6, 2024, the Notice of Case Opening was returned as undeliverable. (Doc. 4).

On August 9, 2024, the Court issued an order giving Plaintiff until August

1

23, 2024, to file a notice informing the Clerk of Court of his current address. The Court cautioned Plaintiff that if he did not comply with the Order, his case may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On August 16, 2024, the Court's Order dated August 9, 2024 was returned as undeliverable. (Doc. 6). As of the date of this Order, Plaintiff has not filed a notice of updated address or made any other filings in the case.

Under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order. *Fendler v. Westgate–California Corp.,* 527 F.2d 1168, 1170 (9th Cir.1975). Before dismissing an action as a sanction for failure to prosecute or failure to comply with a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

The first two factors relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).

Plaintiff has not complied the Court's order requiring him to file a notice informing the Clerk of Court of his current address. Plaintiff's failure to take the steps necessary to proceed with this action has impeded the efficient administration of judicial business. The first two factors thus weigh in favor of dismissal.

The third factor requires the Court to consider the risk of prejudice to the Defendants. Because the Defendants have not yet been served or entered an appearance in the case, this factor is neutral. *See e.g.*, *Young v. Rosenbloom*, 2021 WL 413522, at *1 (D. Or. Feb. 5, 2021).

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints" or "allowing additional time." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981). Because Plaintiff has not complied with the Court's order, and the Court does not have a current address for Plaintiff, this case cannot proceed. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel*, 651 F.2d at 674. Having considered less drastic alternatives, the Court finds the fourth factor weighs in favor of dismissal.

The fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan,* 291 F.3d at 643. This factor is outweighed by the factors discussed above, however, which weigh in

favor of dismissing this matter based on Plaintiff's failure to comply with this Court's order.

For the reasons outlined above, the Court enters the following:

## RECOMMENDATION

IT IS RECOMMENDED that:

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 1 ) be DENIED AS MOOT and the Complaint (Doc. 2) be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

2.  The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

DATED this 26th day of August, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge